E-FILED
Friday, 13 May, 2011 03:08:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANNY J. SIDENER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 11-3085 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Petitioner, Danny J. Sidener's, motion entitled "Original Action Pursuant to F.R.Civ.P. Rule 60(d)(1) For Relief From an Otherwise Final Sentence in case no. 05-30101" (Motion) (d/e 1). For the reasons that follow, the Motion is DENIED.

I. BACKGROUND

On October 16, 2006, Sidener entered an open plea of guilty to the following charges: (1) Conspiracy to Distribute a Controlled Substance (cocaine) (21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii)) (Count I);

(2) Distribution of a Controlled Substance (cocaine) (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)) (Count II); (3) Use of a Telephone to Facilitate a Drug Offense (21 U.S.C. § 843(b)) (Count III); and (4) Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)) (Count IV). Count V of the indictment sought forfeiture pursuant to 21 U.S.C. § 853 of certain properties involved in and traceable to the offenses described in Counts I, II, and III.

At a February 26, 2007, sentencing hearing, Judge Jeanne Scott sentenced Sidener to a total term of 141 months imprisonment. Specifically, Judge Scott sentenced Sidener to 81 months imprisonment on Counts I and II to run concurrently to each other, 48 months on Count III to run concurrently to Counts I and II, and 60 months on Count IV to run consecutively to all other counts. Sidener was informed of his right to appeal his conviction and sentence. Sidener's judgment of conviction was filed on February 28, 2007.

On December 7, 2010, Sidener filed a notice of appeal (d/e 61 in case No. 3:05-cr-30101), but then filed a motion to withdraw his appeal

(d/e 65 in case No. 3:05-cr-30101) on December 17, 2010. The Seventh Circuit Court of Appeals allowed Sidener's motion and dismissed his appeal on December 22, 2010.

Also on December 22, 2010, Sidener filed the instant Motion. In it, Sidener purports to seek relief under Federal Rule of Civil Procedure Rule 60(d)(1). Sidener contends the Court committed several errors during the plea hearing and at sentencing. Sidener maintains the Court erred by: (1) accepting a guilty plea without a factual basis as to Count IV (Claim 1); (2) concluding Sidener committed the instant offenses while under a criminal justice sentence (Claim 2); (3) adding a criminal history point for a sentence for conduct that is part of the instant offense (Claim 3); and (4) concluding Sidener was released from confinement within five years of the commencement of the instant offenses (Claim 4).

Due to Judge Scott's unavailability, the case has been reassigned several times. On March 2, 2011, Judge Michael McCuskey entered a text order informing Sidener of the Court's intent to construe Sidener's pleading as a 28 U.S.C. § 2255 habeas corpus petition unless Sidener

filed a valid written objection by March 14, 2011.  On March 15, 2011, instead of filing a timely objection, Sidener filed an "Omnibus Motion for Extension of Time to File Objection and Order for Service" (Omnibus Motion) (d/e 71).

In the Omnibus Motion, Sidener contended he should be given an extension of time to file his objections.  He argued the Omnibus Motion should be allowed because the Government had not responded to his "Motion for Relief."  Judge McCuskey: (1) dismissed Sidener's Omnibus Motion since the Government's time to respond had been extended to 21 days beyond March 14, 2011, or the date of Sidener's actual Response, whichever came earlier; (2) ruled that Sidener's 60(d)(1) motion would be construed as a § 2255 habeas petition; and (3) gave the Government until April 4, 2011, to respond to the habeas petition. (Text Order dated 3/28/11).  The Government has responded, arguing the Motion is untimely and the claims are procedurally barred.

The case was again reassigned on March 28, 2011.  The matter is now ripe for ruling.

## II. ANALYSIS

Section 2255 allows a federal prisoner to attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In this case, the Motion raises four issues. Claim 1 asserts the Court erred in accepting Sidener's guilty plea on Count 4 because there was no factual basis for the plea. Claims 2 through 4 of the Motion assert errors were made by the Court that affected the calculation of Sidener's criminal history and resulted in a greater sentencing range under the Sentencing Guidelines than was appropriate.

"A habeas petitioner filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence must file his petition within a specific period of time." McAllister v. United States, 2010 WL 898005, at *2 (E.D. Wis. 2010). The one-year limitations applicable to § 2255 motions runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The statute of limitations on Sidener's Motion began to run from the date on which his judgment became final because the other events described in § 2255(f)(2-4) do not apply. Sidener does not allege: (1) an impediment to making his Motion was created by governmental action in violation of the Constitution or laws of the United States; (2) any newly-recognized rights by the Supreme Court that were made retroactively applicable to cases on collateral review; or (3) that his Motion was filed within a year of discovering new facts supporting his claim through the exercise of due diligence. The Judgment was entered

on February 28, 2007, and became final 10 days later when the time within which to file a direct appeal expired. See Fed.R.App.Proc. 4(b)(1)[1]. Because Sidener did not file the Motion until December 2010, the Motion is untimely.

Sidener claims his Motion's untimeliness should be ignored because he is actually innocent of Count IV. "[T]he Seventh Circuit has held that actual innocence cannot be used to cure an untimely petition." Dixon v. Gaetz, No. 10 C 1180, 2010 WL 3199692, at *2 (N.D. Ill. 2010). This is because "'actual innocence' is unrelated to the statutory timeliness rules." Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005) (citing Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004)); see also Boyd v. United States, No. 09-C-0290, 2009 WL 2474652, at *4 n.6 (E.D. Wis. 2009) ("A claim of actual innocence is not a freestanding exception to the time limits for habeas actions."). Therefore, the only way in which Sidener's "'assertion of actual innocence could toll the one-

---

[1] The version of Fed. R. App. Proc. 4(b)(1) in effect at the time of Sidener's guilty plea and sentencing had a 10-day limit within which to appeal. The present version allows 14 days.

year statute of limitations period would be if it were based on a factual predicate that could not have been discovered earlier through the exercise of due diligence.'" Dixon, 2010 WL 3199692, at *2 (quoting Blackwell v. McCann, No. 06-CV-06789, 2008 WL 4442631, at *7 (N.D. Ill. 2008). Sidener makes no such argument. Therefore, Sidener's claim that the untimeliness of his Motion should be ignored because he is actually innocent fails.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(emphasis added); see also Jimenez v. Quarterman, 129 S. Ct. 681, 684 n.3 (2009). The Court has denied Sidener's Motion on procedural grounds. This Court concludes that jurists of reason would not find it debatable whether Sidener's Motion states a valid claim of the denial of a constitutional right and also finds that jurists of reason would not find it debatable whether this Court correctly found that the Motion is untimely.

IV. CONCLUSION

THEREFORE, Sidener's Motion (d/e 1)is DENIED. A certificate of appealability is DENIED. This case is CLOSED.

IT IS SO ORDERED.

ENTER: May 13, 2011.

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
United States District Judge