UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANNY J. SIDENER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 11-3085 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Petitioner Danny J. Sidener's motion entitled "Motion to Recall the District Court's Mandate" (Motion) (d/e 35). For the reasons that follow, the Motion is DENIED.

## I. BACKGROUND

On October 16, 2006, Sidener entered an open plea of guilty to the following charges: (1) Conspiracy to Distribute a Controlled Substance (cocaine) (21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii)) (Count I); (2) Distribution of a Controlled Substance (cocaine) (21 U.S.C. §§

841(a)(1) and (b)(1)(B)(ii)) (Count II); (3) Use of a Telephone to Facilitate a Drug Offense (21 U.S.C. § 843(b)) (Count III); and (4) Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)) (Count IV).  Count V of the indictment sought forfeiture pursuant to 21 U.S.C. § 853 of certain properties involved in and traceable to the offenses described in Counts I, II, and III.

At a February 26, 2007, sentencing hearing, Judge Jeanne Scott sentenced Sidener to a total term of 141 months' imprisonment. Specifically, Judge Scott sentenced Sidener to 81 months imprisonment on Counts I and II to run concurrently, 48 months' imprisonment on Count III to run concurrently to Counts I and II, and 60 months's imprisonment on Count IV to run consecutively to all other Counts. Sidener was informed of his right to appeal his conviction and sentence. Sidener's judgment of conviction was entered on February 28, 2007.

Petitioner filed a motion that the Court construed as a petition under 28 U.S.C. § 2255.  In that petition, one of Petitioner's claims was that he was actually innocent of Count IV, possession of a firearm in

furtherance of a drug trafficking crime. However, this Court, citing Escamilla v. Jungwirth, 426 F.3d 868 (7th Cir. 2005), denied Petitioner's petition because it was untimely. Escamilla held that actual innocence could not be used to cure an untimely petition because "'actual innocence' is unrelated to the statutory timeliness rules." Id. at 871. In his instant Motion, Petitioner argues that Escamilla was abrogated in the United States Supreme Court's recent decision of McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), and therefore this Court should consider the argument regarding his innocence of Count IV that he made in his § 2255 petition on the merits.

Petitioner alleges that the Indictment charged him with possession of a firearm in furtherance of a drug trafficking crime. Petitioner claims, however, that at Petitioner's plea hearing, the trial judge erred by using the term "use" instead of "possession."

At Petitioner's October 16, 2006 guilty plea hearing, the Court asked Petitioner whether he desired to enter pleas of guilty to the Indictment, including Count IV, which the Court described as "use of a

firearm in furtherance of a drug trafficking offense."

Later, when the Court asked the Government to explain the elements of each offense, the Government's attorney stated the following with respect to Count IV:

> First, that the defendant committed the crimes of conspiracy to distribute 5 kilograms or more of cocaine and the distribution of 500 grams or more of cocaine as charged in Counts 2 - - I'm sorry, Counts 1 and 2. And second, that the defendant knowingly possessed a firearm in furtherance of those offenses.

When the Court asked Petitioner if he had heard the explanation of the charges and whether he understood what he was charged with, Petitioner replied "Yes, ma'am."

When explaining the possible penalties to Petitioner, the Court referred to Count 4 as "the possession of a firearm in furtherance of drug trafficking." Later the Court explained, "Now, on Count IV, which is the possession of a firearm in furtherance of a drug trafficking crime," any sentence would be consecutive to the sentences on the other charges.

When asked to explain what the Government's evidence would be if the matter were to proceed to trial, the Government's attorney stated

the following with respect to Count IV:

> Subsequent to his distribution of 500 grams of cocaine to Mohan[,] the defendant was arrested. Following his arrest his vehicle was searched. That search revealed a Ruger .9 millimeter handgun, serial number 572-33697. The firearm was located on the rear passenger floorboard. Also discovered in the automobile were 16 rounds of .9 millimeter ammunition.
>
> In an unsolicited written statement to a law enforcement agent, defendant acknowledged obtaining the weapon in 2000, and carrying the same continuously during his drug transactions to protect himself from rival drug dealers and disputes with those dealers regarding money the defendant allegedly owed them as a result of prior drug transactions.
>
> Further, the defendant acknowledged that carrying the firearm gave him a sense of safety and security which allowed him to come to the Springfield, Illinois area and in turn to further the actions of the conspiracy of which he was a part. Defendant agreed with this statement of what the Government's

Later, Judge Scott asked Defendant, "How do you plead to the crime of use of a firearm in furtherance of a drug trafficking crime as alleged in Count 4 of the indictment." Defendant replied, "Guilty." When asked if he was entering the guilty pleas in Counts I through IV because he was in fact guilty of those offenses, Petitioner stated "Yes, ma'am."

The Judgment the Court entered in Petitioner's criminal case, case No. 05-30101, indicates that Count 4 was for possession of a firearm in furtherance of a drug trafficking crime.

## II. ANALYSIS

Section 2255 allows a federal prisoner to attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Here, Petitioner raised four issues in his original § 2255 petition.  Claim 1 asserted that the Court erred by accepting Sidener's guilty plea on Count 4 because there was no factual basis for the plea.  Claims 2 through 4 of the Motion asserted errors were made by the Court that affected the calculation of Sidener's criminal history and resulted in a greater sentencing range under the Sentencing Guidelines than was appropriate.

"A habeas petitioner filing a 28 U.S.C. § 2255 motion to vacate, set

aside, or correct a sentence must file his petition within a specific period of time." McAllister v. United States, 2010 WL 898005, at *2 (E.D. Wis. 2010). As stated, this Court denied Petitioner's § 2255 petition because it was not timely filed.

In McQuiggin, the Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." Id. at 1928. Because this Court dismissed his § 2255 petition based on untimeliness, Petitioner claims the Court should reconsider his claim of actual innocence on Count IV. However, Petitioner ignores the fact that he pleaded guilty and has made no showing of actual innocence. Instead, he relies on two occasions during the guilty plea hearing where the trial judge mistakenly used the term "use" rather than "possession" with respect to Count IV. However, the transcript of the plea hearing and the factual basis to which Petitioner admitted to under oath shows Petitioner knew he was pleading guilty to possession of a firearm in furtherance of a drug trafficking crime.

Moreover, Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence. Therefore, the actual innocence "gateway" for allowing consideration of otherwise time-barred claims is not available in Petitioner's case. See <u>United States v. Cunningham</u>, 2013 WL 3899335, at *4 n.3 (S.D. Tex. July 27, 2013) (stating the same and citing <u>McQuiggin</u>).

### III. CONCLUSION

THEREFORE, Sidener's Motion (d/e 35) is DENIED. As a result, his Motion to Expedite Proceedings and Release Pending § 2255 Resolution (d/e 39) is DENIED AS MOOT.

IT IS SO ORDERED.

ENTER: August 8, 2013.

FOR THE COURT:

                                                    s/ Sue E. Myerscough
                                                    SUE E. MYERSCOUGH
                                                    United States District Judge